CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 0 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRIE LAMBERT, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00071 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR OF THE VIRGINIA | ) | By: Hon. Glen E. Conrad |
| DEPARTMENT OF CORRECTIONS, | ) | United States District Judge |
| Respondent. | ) | |

The petitioner, Terrie Lambert, a Virginia inmate proceeding pro se, filed this action as a

petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Lambert challenges the validity

of her convictions in the Circuit Court for the County of Culpeper. The petition is presently

before the court on the respondent's motion to dismiss. For the reasons set forth below, the court

will grant the respondent's motion.

## BACKGROUND

On March 1, 2004, Lambert pled guilty to the following eight charges: one count of

forgery, in violation of Virginia Code § 18.2-172; six counts of embezzlement, in violation of

Virginia Code § 18.2-111; and one count of obtaining money by false pretenses, in violation of

Virginia Code § 18.2-178. On August 2, 2004, Lambert was sentenced on these convictions to a

total term of imprisonment of eight years, with five years suspended. That same day, the Circuit

Court found that Lambert had violated the terms of her suspended sentence for prior fraud

offenses, and ordered Lambert to serve three years of that suspended sentence. Thus, Lambert's

total active prison sentence was six years. Lambert did not appeal her convictions or sentence.

On June 16, 2005, Lambert filed a petition for writ of habeas corpus in the Supreme

Court of Virginia, in which she raised the following claims:

1.    Lambert received ineffective assistance of counsel in that her attorney:

    (a)    Failed to address or investigate Lambert's concerns prior to and during the plea hearing;

    (b)    Prompted Lambert to believe that accepting a plea bargain would be in her best interest, yet in the end, no plea bargain was offered; and

    (c)    Failed to file a motion for discovery that would have allowed the defense to review the checks Lambert was charged with forging.

The petition was dismissed by the Supreme Court of Virginia on December 13, 2005.

Lambert filed the instant petition on January 25, 2006. The petition includes the same claims that were raised in her state habeas petition. On March 6, 2006, the respondent moved to dismiss the petition. Since the petitioner has now responded to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which she was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court

2

judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

In each of her claims, Lambert asserts that she received ineffective assistance from her defense attorney. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that her counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005). In the context of a guilty plea, the defendant must show "that there is a reasonable probability that but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### Claim 1(a)

In her first claim, Lambert contends that her defense attorney was ineffective for failing to address or investigate her concerns prior to and during her plea hearing. The Supreme Court of Virginia concluded that Lambert's allegations were insufficient to establish a claim under Strickland. The Supreme Court noted that Lambert failed to offer a valid reason as to why she should not be bound by her representation at the plea hearing that her attorney's performance was adequate. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981) (holding "that the truth and accuracy of representations made by an accused as to the adequacy of [her]

3

court-appointed counsel and the voluntariness of [her] guilty plea will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why [she] should be permitted to controvert [her] prior statements.").

The court agrees with the respondent that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. During the plea hearing in Circuit Court, Lambert stated, under oath, that she fully understood the charges against her, that she discussed the charges and plea options with her attorney, and that she freely and voluntarily decided to plead guilty. (Tr. at 8-9). Lambert explained that she was pleading guilty because she was, in fact, guilty of the crimes charged, and that she was aware of the potential range of punishment. (Tr. at 9, 13). Lambert also stated that she was entirely satisfied with her attorney, and that she had no complaints regarding her attorney's representation. (Tr. at 13).

Although Lambert now alleges that her attorney was ineffective for failing to address or investigate her concerns, Lambert provides no explanation as to why the court should disregard her prior in-court statements regarding the sufficiency of her attorney's representation. As a result, Lambert is bound by her prior statements. See Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992); Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996); Beck v. Angelone, 261 F.3d 377, 393-396 (4th Cir. 2001); Koper v. Angelone, 961 F. Supp. 916, 923 (W.D. Va. 1997). Moreover, Lambert does not state what her precise concerns were or what any additional investigation would have revealed. Thus, Lambert cannot establish that there is a reasonable probability that, but for her attorney's alleged errors, she would not have pled guilty and would have insisted on going to trial. Accordingly, claim 1(a) must be dismissed.

4

## Claim 1(b)

In claim 1(b), Lambert contends that her defense attorney was ineffective for prompting her to believe that accepting a plea bargain would be in her best interest, yet in the end, no plea bargain was offered. The Supreme Court of Virginia concluded that this claim was insufficient under Strickland. The Supreme Court noted that Lambert failed to offer a valid reason as to why she should not be bound by her representation at the plea hearing that her counsel's performance was adequate. See Anderson, 222 Va. at 516, 281 S.E.2d at 888.

Having reviewed the record, the court agrees with the respondent that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. As previously stated, Lambert asserted during the plea hearing that she fully understood the charges against her, that she discussed the charges and plea options with her attorney, and that she freely and voluntarily decided to plead guilty. (Tr. at 8-9). Lambert also advised the Circuit Court that no one, including her attorney, had forced her to plead guilty or made any promises related to her guilty plea or sentence. (Tr. at 11-12). Although Lambert now suggests that her attorney coerced her to plead guilty, Lambert provides no explanation as to why the court should disregard her prior statements to the contrary. As a result, Lambert is bound by those statements. See Fields, 956 F.2d at 1299; Savino, 82 F.3d at 603; Beck, 261 F.3d at 393-396; Koper, 961 F. Supp. at 923. Additionally, Lambert fails to argue or demonstrate that, but for the promises allegedly made by her attorney, she would not have pled guilty and would have insisted on going to trial. Therefore, the court concludes that claim 1(b) must be dismissed.

5

## Claim 1(c)

In claim 1(c), Lambert alleges that her defense attorney was ineffective for failing to file a motion for discovery that would have allowed the defense to review the checks Lambert was charged with forging. Lambert contends that the checks would have shown that she pled guilty to offenses that the Commonwealth could not prove, because the checks were ones that she was entitled to write. The Supreme Court of Virginia concluded that this claim was insufficient under Strickland. The Supreme Court noted that Lambert failed to offer a valid reason as to why she should not be bound by her representation at the plea hearing that her counsel's performance was adequate. See Anderson, 222 Va. at 516, 281 S.E.2d at 888.

The court agrees with the respondent that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. During the plea hearing, Lambert stated, under oath, that she fully understood the charges against her and that she understood what the Commonwealth would have to prove before she could be found guilty of those charges. (Tr. at 8). Lambert also stated that she was freely and voluntarily pleading guilty to the crimes charged, because she was, in fact, guilty. (Tr. at 9). When asked to clarify her plea, Lambert stated "I am pleading guilty because I did this." (Tr. at 10). Additionally, as previously stated, Lambert asserted that she was satisfied with her attorney's representation and that she had no complaints. (Tr. at 13). While Lambert now alleges that her attorney was ineffective for failing to file a motion for discovery, since such discovery would have shown that she was not guilty, Lambert provides no compelling reason for the court to disregard her prior statements regarding the sufficiency of her attorney's representation and the fact that she was guilty of the crimes charged. As a result, Lambert is

6

bound by those statements, and claim 1(c) must be dismissed.  See Fields, 956 F.2d at 1299; Savino, 82 F.3d at 603; Beck, 261 F.3d at 393-396; Koper, 961 F. Supp. at 923.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss.  The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This __30ᵗʰ__ day of March, 2006.

_____
United States District Judge

7